J-S44007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIJAH THOMPSON | : | |
| | : | |
| Appellant | : | No. 2224 EDA 2023 |

Appeal from the Judgment of Sentence Entered July 24, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004181-2019

BEFORE:  NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 13, 2025**

Appellant Elijah Thompson appeals from the judgment of sentence imposed following his open guilty plea to terroristic threats and simple assault.[1]  Appellant's current counsel (Current Counsel) has filed a petition to withdraw and an ***Anders***/***Santiago***[2] brief.[3]  After review, we grant Current Counsel's petition to withdraw and affirm the judgment of sentence.

---

[1] 18 Pa.C.S. §§ 2706(a)(1), and 2701(a)(1), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[3] The instant appeal involves trial court docket 4181-2019 and was docketed at Superior Court docket 2224 EDA 2023.  We note that Appellant also filed appeals at trial court dockets 2059-2020, which was docketed at Superior Court docket 2223 EDA 2023, and 2060-2020, which was docketed at Superior Court docket 2226 EDA 2023.  The appeals at 2223 EDA 2023 and 2226 EDA 2023, will be addressed in separate memoranda.

The relevant facts and procedural history of this case are well known to the parties. Briefly, the record reflects that on January 24, 2023, Appellant entered an open guilty plea to one count each of terroristic threats and simple assault. *See* N.T., Guilty Plea, 1/24/23, at 11-16. During Appellant's guilty plea colloquy, the Commonwealth summarized the underlying facts of this matter as follows:

> On November 27th, 2019, in West Pikeland Township, Chester County, [Appellant] caused bodily injury to Madeleine Devitis. And then he made a terroristic threat towards her, telling her that he was, quote, going to f[--]k her up and cause her real abuse. And those are the facts in support of [docket number] 4181 of [20]19.

*Id.* at 12.

On July 24, 2023, the trial court sentenced Appellant to a term of one to five years of incarceration for terroristic threats and a concurrent term of one to two years of incarceration for simple assault. *See* N.T. Sentencing, 7/24/23, at 36-37. This resulted in an aggregate sentence of one to five years of incarceration. *See id.* at 36-37. Appellant filed a counseled post-sentence motion, which the trial court denied, and this timely appeal followed.[4]

_____

[4] Several attorneys represented Appellant from the time he entered his guilty plea through to the filing of his notice of appeal and the *Anders*/*Santiago* brief. After Appellant filed his notice of appeal, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, Appellant's counsel at the time, P.J. Redmond, Esq., was permitted to withdraw, and the trial court appointed Thomas P. McCabe, Esq., to represent Appellant. Attorney McCabe requested an extension of time to file a Rule 1925(b) statement, which the trial court
*(Footnote Continued Next Page)*

In the **Anders**/**Santiago** brief, Current Counsel concluded that there were no non-frivolous issues. Current Counsel further notes that to the extent that Appellant seeks to challenge the discretionary aspects of his sentence, Appellant failed to properly preserve that issue, and there is no indication that the trial court abused its discretion in sentencing Appellant. **Anders**/**Santiago** Brief at 6, 9-10.

"When faced with a purported **Anders**[/**Santiago**] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant of the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en*

---

granted. Ultimately, however, Attorney McCabe filed a notice of intent to file an **Anders**/**Santiago** brief pursuant to Pa.R.A.P. 1925(c)(4) on November 17, 2023, and the trial court did not file an opinion. Following Attorney McCabe's election to the Court of Common Pleas of Chester County, the trial court appointed Scott J. Werner, Jr., Esq. to represent Appellant. Later, the trial court appointed Brian L. McCarthy, Esq. (Current Counsel), to represent Appellant on January 3, 2024. Current Counsel filed a petition for an extension of time to file a brief in this Court, which this Court granted and ordered that Appellant's brief was due on or before May 3, 2024. Current Counsel ultimately filed an **Anders**/**Santiago** brief on May 2, 2024.

*banc*). In an **Anders**/**Santiago** brief, counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the requirements established in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Goodwin**, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); **accord Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Current Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a

letter explaining his appellate rights, informing Appellant of his right to proceed *pro se* or with private counsel, and supplying Appellant with a copy of the **Anders**/**Santiago** brief. **See Goodwin**, 928 A.2d at 290. Current Counsel also provided this Court with a copy of his letter to Appellant informing him of his rights. Moreover, Current Counsel's **Anders**/**Santiago** brief complies with the requirements of **Santiago**, and the brief includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. **See Santiago**, 978 A.2d at 361. Accordingly, we conclude that Current Counsel has met the technical requirements of **Anders** and **Santiago**, and we will proceed to address the issue identified in the **Anders**/**Santiago** brief.

In the **Anders**/**Santiago** brief, Current Counsel identifies a potential claim that the trial court imposed an excessive sentence by failing to consider mitigating factors. **See Anders**/**Santiago** Brief at 14-16.

This issue implicates the discretionary aspects of Appellant's sentence. **See**, **e.g.**, **Commonwealth v. Ahmad**, 961 A.2d 884, 886 (Pa. Super. 2008) (explaining that "[a] challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence" (citation omitted)). "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Instantly, Appellant filed his post-sentence motion as follows:

1. [Appellant] was sentenced to an aggregate 6-23 years with accurate credit for time served of a little more than 3 years. The sentence was for three different assault cases. Two were after open guilty pleas, and the third was after verdict in a bench trial.

- 6 -

2. The [trial c]ourt imposed permissible (that is guideline-allowed) sentences in each of [the] 8 counts as to which a sentence could be imposed. [Appellant] accepts the [trial c]ourt's sentencing authority as to the minimums imposed and acknowledges its requirement that he be jailed for punitive reasons and too acknowledges that he was arrested on two cases while he was out on bail for the 1st one. [Appellant] accepts that he must serve a sentence and that the [trial c]ourt's selection of a state prison is proportionate to his criminal conduct.

3. [Appellant] thinks the maximums imposed are a little harsher than might have been necessary to deliver [sic] imposed. He offers no new evidence or information on which to argue the [trial c]ourt's sentences as imposed.

WHEREFORE, [Appellant] requests that [the trial c]ourt consider his request in particular whether the [trial c]ourt might attain its purpose with a shorter potential maximum sentence.

Post-Sentence Mot., 8/1/23, at 1-2 (some formatting altered and emphasis omitted).

We note that Appellant filed this identical post-sentence motion at three separate trial court dockets, failing to specify which trial court docket and which specific sentence he is challenging. Moreover, Appellant never alleged that the trial court failed to consider mitigating factors when it imposed his sentence. Accordingly, we agree with Current Counsel that Appellant failed to preserve his challenge to the discretionary aspects of his sentence on appeal, and therefore, an appeal would be frivolous.

Further, our independent review of the record does not reveal any additional, non-frivolous issues on direct appeal.[5] **_See Flowers_**, 113 A.3d at

_____

[5] Current Counsel notes that although Appellant may possibly allege claims concerning prior counsel's ineffectiveness, Appellant's claims must wait for
*(Footnote Continued Next Page)*

1250; *see also Goodwin*, 928 A.2d at 291. For these reasons, we grant Current Counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/13/2025

---

review under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. *See Anders/Santiago* Brief at 9-11. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (holding that, absent specified circumstances not applicable here, "claims of ineffective assistance of counsel are to be deferred to PCRA review"). Further, although the record reflects that Appellant was represented by counsel throughout the proceedings in both the trial court and this Court, Appellant filed *pro se* motions challenging, among other things, the stewardship of prior attorneys. *See Pro Se* Post-Sentence Mot., 8/14/23; *Pro Se* Correspondence, 9/27/23. However, Appellant's *pro se* filings are nullities because at all relevant times, Appellant was represented by counsel, and hybrid representation is not permitted. *See Commonwealth v. Jette*, 23 A.3d 1032, 1036 (Pa. 2011) (explaining that there is no right to hybrid representation); *see also Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007) (providing that a *pro se* motion filed when a defendant is represented by counsel is a legal nullity; the appellant "had no right to file a *pro se* motion because he was represented by counsel" (citation omitted)). Further, Appellant did not file a response to Current Counsel's petition to withdraw as counsel. In any event, it is axiomatic that, absent circumstances not applicable in the instant case, claims alleging the ineffective assistance of counsel must be raised under the PCRA. *See Holmes*, 79 A.3d at 576.